IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HORTER INVESTMENT MANAGEMENT, LLC | : | Case No. 1:15-cv-00477 |
| | : | |
| | : | Judge Susan J. Dlott |
| Plaintiff, | : | |
| | : | |
| v. | : | **Order Granting in Part Defendant's** |
| | : | **Motion to Strike Drew Horter's Errata** |
| JEFFREY CUTTER, *et al.*, | : | **Sheets** |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant Jeffrey Cutter's Motion to Strike. (Doc. 70.) Plaintiff Horter Investment Management, LLC ("HIM") has filed a memorandum in opposition (Doc. 81), to which Defendant Cutter has replied (Doc. 87).

## I. ARGUMENTS OF THE PARTIES

Drew Horter, founder and president of HIM (Doc. 70 at PageID 777), gave deposition testimony in this civil action on May 24, 2016. (D. Horter Dep. at Docs. 70-4–70-6.) Following his deposition, Horter reviewed and sought to change various portions of his deposition via errata sheets. (Doc. 70-7 at PageID 1023–1025.)

Cutter filed a Motion to Strike Horter's errata sheets. (Doc. 70.) He argues that the changes are beyond the scope of Federal Rule of Civil Procedure 30(e) and characterizes them as a continuation of evasive discovery tactics employed by HIM. Cutter also requests that this Court exercise its inherent power to impose sanctions to prevent further "abuse of the judicial process." (*Id.* at PageID 781.)

In opposition, HIM argues that the Rule 30(e) standard urged by Cutter is too rigid and that the Court should adopt the broader approach suggested by the Sixth Circuit's dicta in *Carter*

1

*v. Ford Motor Company*, 561 F.3d 562 (6th Cir. 2009). (Doc. 81.) In any event, Plaintiff argues that Cutter's Motion is moot, because none of the testimony at issue therein is necessary to this Court's ruling on summary judgment. (*Id.*) Finally, Plaintiff denies any wrongdoing as it pertains to discovery, asserting instead that sanctions against Cutter are appropriate for his "frivolous" filing of the Motion to Strike. (*Id.* at PageID 2081.)

## II. APPLICABLE LAW

Deposition testimony may be reviewed or changed by a witness according to the following procedure:

> **(e) Review by the Witness; Changes.**
>
> **(1) *Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). This Court has recently had occasion to apply this rule and it characterized the Sixth Circuit's approach as follows:

> Despite reference to "changes in either form or *substance*," the Sixth Circuit takes a "restrictive approach" toward Rule 30(e). *See Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at *2 (S.D. Ohio July 21, 2014) (Barrett, J.) (collecting cases). It is "the '[o]ne court of appeals [that] permits a deponent to correct *only* typographic and transcription errors.'" *Walker v. 9912 East Grand River Assocs., LP*, No. 11-12085, 2012 WL 1110005, at *3 (E.D. Mich. Apr. 3, 2012) (quoting *Devon Energy Corp. v. Westacott*, No. H-09-1689, 2011 WL 1157334, at *5 (S.D. Tex. Mar. 24, 2011)) (emphasis added).
>
> "'Rule 30(e) does not allow one to alter what was said under oath.'" *Trout v. FirstEnergy Generation Corp.*, 339 Fed. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008) (Frost, J.) (internal quotations and citations omitted)). Were that the case, "'one could merely answer the questions with no thought at all[,] then return home and plan artful responses. Depositions differ

2

from interrogatories in that regard. A deposition is not a take home examination.'" *Id.*

*McClendon v. Hightowers Petroleum Co., et al.*, No. 1:14-cv-00619, 2016 WL 2859625, at **1–2 (S.D. Ohio May 16, 2016) (internal footnote omitted).

This Court did note in its above-quoted opinion that at least one decision has raised the possibility of a less restrictive reading of this rule,[1] relying on the *Carter* case. The Sixth Circuit's dicta in question is the following: "Under Rule 30(e)(1)(B), she had thirty days following her deposition to make changes 'in form or substance.' Fed.R.Civ.P. 30(e)(1)(B)." *Carter*, 561 F.3d at 568.

### III. ANALYSIS

The errata sheets at issue herein contain sixty-six proposed changes. (Doc. 70-7.) These changes are not accompanied, as Rule 30(1)(B) dictates, by "reasons for making [the changes]." This leaves the Court is a position to glean what it can from the face of the changes themselves. In that respect, it appears that twenty-two of the changes[2] represent wholesale alterations of Horter's response to a question and that thirty-six of the changes[3] would add testimony beyond

---

[1] The second footnote in the *McClendon* case summarizes this case as follows:

> *Cf. Jermano v. Graco Children's Prods.*, No. 13-cv-10610, 2015 WL 1737548 (E.D. Mich. Apr. 16, 2015). There the district court struck the errata sheets because the deponent did not comply with the express requirement in Rule 30(e)(1)(B) that he state a reason for the changes. *Id.* at *3. But referencing dicta in a *published* decision, Judge Leitman nonetheless observed that, in his view, "it is *not* crystal clear in this Circuit that a deponent cannot make substantive changes to his deposition testimony under Rule 30(e)." *Id.* at *2 (emphasis added) (citing *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009)).

[2] Deposition page/line notations are: 13:7, 13:13, 14:13, 37:22, 46:24, 47:2, 57:8, 84:19, 129:18, 165:11, 171:7, 172:4, 173:16, 177:25, 185:22, 186:4, 191:16, 192:24, 193:2, 193:23, 194:17, and 201:22.

[3] Deposition page/line notations are: 12:25, 18:24, 29:6, 61:5, 74:11, 92:6, 120:5, 157:189, 170:16, 171:24, 172:16, 173:7, 177:9, 177:12, 177:15, 180:4, 191:14, 181:24, 181:21, 183:21, 184:18, 187:9, 187:21, 187:24, 191:1, 191:7, 191:21, 192:12, 192:18, 193:19, 194:20, 195:19, 197:2, 197:24, and 198:2.

3

that which was given at the deposition. Eight of the changes[4] appear to the Court to be corrections of typographical or transcription errors.

For its part, Plaintiff appears to concede that most of the proposed changes are substantive, arguing that they are permitted under both the Rule and Sixth Circuit precedent. (Doc. 81 at PageID 2072.) Yet even if this Court finds that substantive corrections are impermissible, Plaintiff argues that the errata sheets should be disregarded *only* to the extent they are relied upon for summary judgment purposes. (*Id.*)

Plaintiff also states that Horter submitted errata sheets, "to address typographical errors **and incomplete answers**." (*Id.* at PageID 2073 (emphasis added).)[5]

The Court remains persuaded by the significant trend of authority within the Sixth Circuit subsequent to *Carter* that continues to conform to the restrictive interpretation of this rule. The Court does not believe that transforming the dicta in *Carter* to the applicable law in this Circuit is warranted. The Court therefore declines to sanction Cutter for bringing this motion. The Court also finds that submitting the errata sheets does not warrant imposition of sanctions against HIM.

IV. **CONCLUSION**

On the basis of the foregoing, Defendant's Motion to Strike Drew Horter's Errata Sheets is **GRANTED IN PART**. Applying the standard set forth in *McClendon*, all changes shall be

---

[4] Deposition page/line notations are: 19:14, 25:7, 48:18, 48:20, 75:3, 114:20, 122:16, and 164:4.
[5] In its opposition, HIM accuses Cutter of making changes via errata sheets of the same character as what he would have the Court strike here. (Doc. 81 at PageID 207–208.) As Cutter's corrections are not before the Court or relevant to Horter's changes, which differ in scope, the Court declines to Rule on their propriety in this Order.

4

stricken, except for the following: 19:14, 25:7, 48:18, 48:20, 75:3, 114:20, 122:16, and 164:4.

**IT IS SO ORDERED**.

Dated: 4/20/17

Judge Susan J. Dlott
United States District Court